CHURCHILL *v.* GRAND TRUNK WESTERN RAILWAY CO.

CARRIERS—BILL OF LADING—INDORSEMENT.

In an action for the wrongful delivery of a car of wheat and a car of beans consigned to the order of Botsford & Barrett by bills of lading, signed respectively "Botsford & Barrett, per F. M. G., Shipper, Lapeer Grain Co., Churchill" and "Botsford & Barrett, per C., Shipper, Lapeer Grain Co., Churchill," the signatures indicating that the Lapeer Grain Company and Botsford & Barrett were shippers, their indorsement was necessary to a legal delivery and plaintiff could recover for delivery made by the final carrier on a forged signature to the bill of lading.

Error to Lapeer; Smith, J.  Submitted June 10, 1915. (Docket No. 37.)  Decided September 29, 1915.

Case by George H. Churchill against the Grand Trunk Western Railway Company for the wrongful delivery of certain grain. Judgment for plaintiff. Defendant brings error. Affirmed.

*L. C. Stanley,* for appellant.

*Theo. D. Halpin,* for appellee.

BROOKE, C. J. In this case plaintiff seeks to recover for one car load of wheat delivered by plaintiff to defendant carrier upon an order bill of lading consigned to the order of Botsford & Barrett, destination Pittsfield, Me., and one car load of beans likewise delivered to the defendant carrier, consigned to the order of Botsford & Barrett, destination Lynchburg, Va. The bill of lading controlling the movement of the car load of wheat was signed, "Botsford & Barrett, per F. M. G., Shipper, Lapeer Grain Co., Churchill." The bill of lading covering the car load of beans was signed, "Botsford & Barrett, per C., Shipper, Lapeer Grain Co., Churchill." Delivery was made by the final carrier upon a forged bill of lading. The fraud was perpetrated by the same men who perpetrated the fraud discussed by this court in the case of *Nelson Grain Co.* v. *Railroad,* 174 Mich. 80 (140 N. W. 486). A very similar situation was considered in *Turnbull* v. *Railroad Co.,* 183 Mich. 213 (150 N. W. 132), where the *Nelson Case* was distinguished. Plaintiff had judgment.

The only question involved in the case is whether it falls within the reasoning of the *Nelson Case* or within that of the *Turnbull Case.* We are of opinion that a fair reading of the signatures of these bills of lading indicates that the Lapeer Grain Company, as well as Botsford & Barrett, were shippers, and that, as such shippers, their indorsement upon the bill of lading was necessary before the carrier was justified in making

delivery. As the whole question involved has been recently fully covered in the two cases cited, a further discussion is not here necessary.

The decision in the *Turnbull Case* governs, and the judgment is affirmed.

KUHN, STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.

The late Justice MCALVAY, to whom this case was assigned, took no part in this decision.